IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
SALADIN MINUTELLO,              )
                                )
           Plaintiff,           )
                                )
     v.                         )     1:25CV128
                                )
AT&T SERVICES, INC. and         )
KEVON L. DEWITT,                )
                                )
           Defendants.          )
```

## MEMORANDUM ORDER

Pro se Plaintiff Saladin Minutello brought this action against Defendants AT&T Services, Inc. ("AT&T") and Kevon L. Dewitt in North Carolina Superior Court in Durham, North Carolina alleging wrongful termination, discrimination, "breach of employment policy," and intentional infliction of emotional distress. (Doc. 5.) Defendants removed the case to this court and sought dismissal. (Docs. 1, 8.) In response, Minutello filed an amended complaint within the time permitted by Federal Rule of Civil Procedure 15(a)(1) (Doc. 11), and Defendants again moved for dismissal (Doc. 13). Minutello has now filed a purported "seconded amendment complaint" without seeking leave of court (Doc. 18), and Defendants have filed a motion to strike the putative amended complaint or, in the alternative, to dismiss the action.[1] (Doc.

---

[1] Minutello's proposed second amended complaint attempts to add a fifth count against a new Defendant: "CWA Mobility (Also Known As

20.)  Because Minutello has failed to properly serve Defendants, the court will dismiss the complaint and amended complaint without prejudice and strike the improperly filed second amended complaint without prejudice.

**I. ANALYSIS**

Federal Rule of Civil Procedure 4(c)(1) requires that a summons and a copy of the complaint be served on each defendant. Rule 4(h)(1)(a) provides that a corporate defendant may be served consistent with Rule 4(e)(1), which permits service that "follow[s] state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. (4)(e)(1).  North Carolina law provides that a domestic or foreign corporation is properly served by: (1) "delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office;" (2) "delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner

---

Communications Workers of America And/Or CWA's Local 3611)."  (Doc. 18 at 1, 6.)  CWA has not made an appearance in the case, and there is no indication that it has been properly served.

2

specified by any statute;" (3) "mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served;" or (4) "depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served . . . , delivering to the addressee, and obtaining a delivery receipt."  N.C. Gen. Stat. § 1A-1, Rule 4(j)(6).  As relevant here, a natural person may be served by, among other things, "delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein" or "delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute."  N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(a–b).

Service of process statutes are strictly construed and followed, and a plaintiff who fails to comply with them, even where actual notice occurs, does not properly serve the defendant.  <u>See Armco, Inc. V. Penrod-Stauffer Bldg. Sys., Inc.</u>, 733 F.2d 1087, 1089 (4th Cir. 1984) (noting that the rules governing service "are there to be followed, and plain requirements for the means of

3

effective service of process may not be ignored"); In re Newbrook Shipping Corp., 31 F.4th 889, 897 (4th Cir. 2022) (observing that providing "actual notice" of a lawsuit without delivering process to an appropriate recipient designated by Rule 4 of the Federal Rules of Civil Procedure fails to satisfy the service requirement). "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998) (citing Armco, 733 F.2d at 1089).

This court has previously explained the importance of service rules:

> The filing of a lawsuit is a serious event, irrespective of its merit. Service rules are structured to ensure due process and uniformity in the application of procedures which alert those receiving a corporation's mail that the enclosed lawsuit demands prompt attention. These rules apply equally to litigants proceeding with or without counsel. Service of process is not freestyle, and courts are directed not to overlook procedural deficiencies just because actual notice occurred.

Shaver v. Cooleemee Volunteer Fire Dep't, No. 1:07cv00175, 2008 WL 942560, at *2 (M.D.N.C. Apr. 7, 2008) (citing Stack v. Union Reg'l Mem'l Med. Ctr., Inc., 614 S.E.2d 378, 382 (N.C. Ct. App. 2005)).

Minutello has not properly served the Defendants. He attempted to serve them both by leaving summonses and copies of the complaint at AT&T's Durham, North Carolina office.[2] Those

---

[2] "Where a motion to dismiss is filed based on insufficient process or

documents were evidently accepted by Davon Gonzalez, a former sales support lead at AT&T. (Docs. 9-1 ¶ 3, 9-2 ¶ 5.) AT&T has filed a declaration stating that Gonzalez was not authorized to accept service on its behalf, and there is no indication that he was "the person . . . apparently in charge of [AT&T's] office" at the time of Minutello's attempted service. N.C. Gen. Stat. § 1A-1, Rules 4(j)(6)(a), (b); (Docs. 9-1 ¶ 3, 9-2 ¶ 7.) Dewitt also denies that he authorized Gonzalez or AT&T to accept service on his behalf. (Docs. 9-2 ¶ 6, 19-2 ¶ 4.) Thus, Minutello did not properly serve either Defendant.

Minutello offers two responses. First, he claims that he properly served the Defendants by faxing process to AT&T's Global Legal Demand Center. (Docs. 17 at 1, 17-1 at 1–2.) This argument is unavailing. Neither the Federal Rules of Civil Procedure nor North Carolina's relevant rules governing service of process permit service by facsimile. Cherry v. Spence, 249 F.R.D. 226, 229 (E.D.N.C. 2008) (citations omitted). Second, he argues that AT&T waived service by conventional means and represented that Minutello could serve it via email. (Doc. 23.) To support this argument, he submitted a purported transcript of a phone conversation with an AT&T "agent" identified as Ricky. (Id. at 1,

---

insufficient service of process, affidavits and other materials outside the pleadings may be properly submitted and considered." Mosely v. Fillmore Co., 725 F. Supp. 2d 549, 558 (W.D.N.C. July 16, 2010).

5

4-6.)  Minutello contends that Ricky and "multiple" other representatives of AT&T told him that AT&T would be properly served if he emailed the summons and complaint to AT&T's Global Legal Demand Center.  (Id. at 1.)  This argument is also unavailing for several reasons.  Most fundamentally, the evidence of waiver of service Minutello submitted does not comport with the requirements for obtaining a waiver of service of a summons prescribed by Federal Rule of Civil Procedure 4(d).  Stoyanov v. Mabus, No. 07-1985, 2014 WL 12731123, at *1 (D. Md. Apr. 30, 2014) (observing that Rule 4(d) is the proper mechanism for a pro se plaintiff to employ to seek such a waiver).  Moreover, the Defendants had already filed appearances indicating that they were represented by counsel in the case prior to Minutello's effort to obtain a waiver directly from AT&T.  (Docs. 3, 4.)  Although Minutello is proceeding pro se, he must still comply with the Federal Rules of Civil Procedure, the court's Local Rules, and all "other applicable law."  M.D.N.C. L.R. 11.1(a).  Once a party appears through counsel, other parties shall communicate with them through that counsel and not in an ex parte fashion.  So, even setting aside any concern about the authenticity and reliability of Minutello's alleged record of his conversation with an AT&T employee, Minutello's effort to have Ricky waive service on AT&T's behalf was improper and ineffective.

    Minutello's efforts to serve Dewitt are also ineffective.

AT&T's Durham branch is Dewitt's place of employment. But to properly serve Dewitt, Minutello had to either personally deliver process to him, leave process at his home or "usual abode" with a person of suitable age and discretion, or deliver process to an agent Dewitt had authorized to accept service on his behalf. N.C. Gen. Stat. § 1A-1, Rule 4(j)(1).[3] He did not do any of these. AT&T's Durham branch is plainly not Dewitt's usual abode, and there is no evidence that service was personally delivered to him. (Doc. 19-2 ¶ 3.) Nor were Gonzalez or AT&T authorized to accept service on Dewitt's behalf. (Id. ¶¶ 4, 7; Doc. 9-2 ¶ 6.)

In his second declaration, Dewitt reports that Minutello attempted to serve him by faxing a summons addressed to him at AT&T's Global Legal Demand Center. (Doc. 19-2 ¶ 6.) This effort is also ineffective. Dewitt has not authorized AT&T or any other AT&T affiliated entity to accept service on his behalf (id. ¶ 7), and Minutello has not otherwise served him with process in a way that complies with North Carolina law.

Because Minutello has failed to demonstrate that he has properly served Defendants, the court lacks personal jurisdiction over them. Koehler, 152 F.3d at 306. It therefore may not proceed to the merits of Minutello's claims unless he corrects the defects in service. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584

---

[3] Minutello also could have attempted to serve Dewitt by mail. N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(c-e).

7

(1999) (citation omitted). Because Minutello's initial and amended complaint were not properly served on Defendants, Minutello's filing of a purported amended complaint to add yet another Defendant (Doc. 18) is ineffective. It fails for violating Federal Rule of Civil Procedure 15(a)(2), which requires the court's leave, and this court's Local Rule 15.1(b), which requires the filing of a motion for amend with an attached proposed amended complaint.

Therefore, the complaint and amended complaint against Defendants will be dismissed without prejudice, Defendants' motion to strike the purported second amended complaint (Doc. 20) will be granted, and the second amended complaint (Doc. 18) will be struck. Fed. R. Civ. P. 12(b)(5).

## II. CONCLUSION

For the reasons stated, therefore,

IT IS ORDERED that AT&T's motion to dismiss (Doc. 20) is GRANTED and the complaint and amended complaint against them are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Defendants' motion to strike the second amended complaint filed without leave of court (Doc. 20) is GRANTED, and the second amended complaint (Doc. 18) shall be STRUCK WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that all remaining motions are DENIED AS MOOT.

8

                                        /s/   Thomas D. Schroeder
                                    United States District Judge

June 20, 2025